IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCHELLE CARMICHAEL | : CIVIL ACTION |
| | : NO. 14-6124 |
| vs. | : |
| | : |
| PRESSLER AND PRESSLER, LLP et al | : |

### ORDER - MEMORANDUM

**NOW**, this 5th day of June 2015, upon consideration of the Defendants Midland Funding, LLC and Midland Credit Management, Inc.'s Motion to Dismiss the Second Amended Complaint (ECF Doc. No. 43), Defendant Pressler and Pressler LLP's Motion to Dismiss the Second Amended Complaint (ECF Doc. No. 44), Defendant New Century Financial Services, Inc.'s Motion to Dismiss the Second Amended Complaint (ECF Doc. No. 45), Plaintiff's Response in Opposition (ECF Doc. No. 51) and following Oral Argument, it is **ORDERED** Defendants' Motions (ECF Doc Nos. 43, 44 and 45) are **GRANTED.** This case, after three attempts at stating a claim, is **DISMISSED**. The Clerk of Court shall close this matter.

### *Analysis*

New Jersey resident Rochelle Carmichael ('Carmichael") sues debt purchasers and debt collectors alleging they unlawfully garnished her wages earned in Philadelphia to satisfy their New Jersey judgment against her in violation of the Fair Debt Collection Practices Act ("FDCPA"), Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

Defendants Midland Funding LLC, its collection affiliate Midland Credit Management, Inc., and New Century Financial Services (collectively, "Creditor Defendants") purchased some of Carmichael's credit card debts from creditors. Creditor Defendants, and Defendant Pressler & Pressler, secured judgments against Carmichael in the Superior Court of New Jersey and pursued wage garnishment with service upon her employer's New Jersey offices.[1] Defendants seek dismissal for failure to state a claim and for lack of personal jurisdiction[2].

Carmichael does not contest the validity of judgments entered against her in New Jersey, where she resides, and does not dispute Defendants garnished her wages under a New Jersey court order at the New Jersey office of her employer.[3] She only claims earning her garnished wages in Pennsylvania, and therefore the garnishment in New Jersey under a New Jersey court order violates Pennsylvania law and in turn, the FDCPA, the FCEUPA[4] and Pennsylvania's UPTCPL. Carmichael argues Pennsylvania does not permit garnishment of any person working in Pennsylvania. She has no supporting authority for this position.

To the contrary, Carmichael acknowledges longstanding Pennsylvania jurisprudence honoring out-of-state garnishments including "laws pertaining to procedures and exemptions in attachment and garnishment are governed by the law of the forum state." *West v. Ford Motor*

---

[1] Carmichael is a citizen and current resident of the state of New Jersey and works at the Philadelphia, Pennsylvania office of Alvah Bushnell Co. which has a registered agent in New Jersey.

[2] Creditor Defendants claim lack of personal jurisdiction as an additional ground for dismissal. Because Defendants raised this issue, Carmichael must allege facts showing a basis for personal jurisdiction, which they cannot do. *Mellon Bank (East) PSFS Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *see also Shanks v. Wexner,* Civ. A. 02–7671, 2003 WL 1343018, at *2 (E.D.Pa. 2003).

[3] The parties do not dispute garnishment is permitted under New Jersey law. *See* N.J.S.A. 2A:17-50.

[4] Carmichael claims Defendants violated Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. § 2270, et seq. ("FCEUA"), by violating "any provision of the FDCPA."

2

*Credit Company*, No. 12-5115, 2013 WL 497159 at *3 (E.D. Pa. 2013) (quoting *Hughes v. Prudential Lines, Inc.*, 624 A.2d 1063, 1065 (Pa. Super. Ct. 1993) (citing *Caddie Homes, Inc. v. Falic*, 235 A.2d 437, 439 (Pa.Super.Ct.1967)); *see also Ankrom v. Ankrom*, 531 A.2d 509, 512, n. 4 (Pa. Super. Ct. 1987). Honoring out-of-state garnishments goes back over one hundred and forty-five (145) years to *Bolton v. Pennsylvania Co.*, 88 Pa. 261, 261-63 (1878) (holding that "wages of labor earned and due to a citizen of [Pennsylvania] may be attached for a debt in another state where no law exists prohibiting the attachment of wages of labor"). Courts in this District hold if "the attachments are valid under the law of a sister state," a Pennsylvania resident is not exempt. *Massachusetts Mut. Life Ins. Co. v. Central-Penn Nat'l Bank of Phila.*, 300 F.Supp. 1217, 1219-20 (E.D.Pa. 1969). Similar to recognizing propriety of garnishment as to Pennsylvania residents, the court in *West* held the creditors could garnish *wages* earned in Pennsylvania by out of state residents. *Id.* at *3.

In *West*, the esteemed Judge Padova of this Court applied these principles to a garnishment issued from Maryland court to the plaintiff's employer (USAirways) in Maryland which affected the plaintiff's paycheck earned in Philadelphia where she resided. Carmichael does not reside in Pennsylvania. Her only connection is working in Philadelphia.

Carmichael asks the Court to disregard this settled case law by arguing the *West* holding and the Pennsylvania Supreme Court's *Bolton* decision are simply "wrong." During oral argument, Carmichael attempted to draw the inference that even though her wages were *garnished* in New Jersey, because the wages were earned in Philadelphia the transaction in fact constitutes garnishment in Pennsylvania. We do not agree. Creditors hold a judgment in New Jersey. Carmichael concedes the garnishment procedure must occur in her home county in New Jersey, unless the creditors decide to domesticate the judgment in Pennsylvania. Carmichael

3

does not show, and we are not aware, of any obligation upon a creditor to domesticate in another state when it can garnish in the judgment state. Carmichael also could not provide any legal basis why she, a New Jersey resident, should be entitled to benefit from Pennsylvania laws intended to protect Pennsylvania residents. As Defendants correctly point out, the underlying judgments were entered in New Jersey, executed in New Jersey, on a New Jersey company, affecting a New Jersey resident. There is no legal basis for imposing Pennsylvania law on Defendants who acted appropriately under New Jersey law to collect on their New Jersey judgment against a New Jersey resident.

As Carmichael thrice failed to state a plausible claim against Defendants under FDCPA, her federal claim is dismissed. We decline to exercise supplemental jurisdiction over her Pennsylvania state law claims and they are dismissed without prejudice.

KEARNEY, J.